**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-67951 |
| | ) | |
| NEIL RAEDON TYBURK and DAWN | ) | CHAPTER 11 |
| ELAINE TYBURK, | ) | |
| Debtors. | ) | JUDGE RUSS KENDIG |
| | ) | |
| ———————————————— | ) | ADV. NO. 06-6107 |
| | ) | |
| NEIL RAEDON TYBURK and DAWN | ) | |
| ELAINE TYBURK, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| CAPITAL CROSSING BANK., | ) | **PUBLICATION)** |
| Defendant. | | |

Now before the court is the Motion for Summary Judgment filed by Plaintiffs Neil Raedon Tyburk and Dawn Elaine Tyburk ("the Tyburks") filed with this court October 19, 2007. Plaintiffs filed the instant motion under Fed. R. Bankr. P. 7056, which incorporates Fed R. Civ. P. 56 into bankruptcy practice. Plaintiffs filed a complaint seeking equitable subordination of the claims of Defendant Capital Crossing Bank ("Capital Crossing") on June 15, 2006. Capital Crossing filed its answer on September 14, 2006. On January 1, 2007, Plaintiffs filed an amended complaint, to which Defendant responded on January 16, 2007. Plaintiffs filed their motion for summary judgment on October 19, 2007 only on that portion of their complaint asking the court to determine that the judgment lien in question does not attach to the real property at issue. Defendant sought and was granted a motion to extend time to file a response but did not file a response by the extended deadline of December 7, 2007.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(K). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND AND PROCEDURAL POSTURE

Plaintiffs' motion calls upon the court to determine the validity of a judgment lien filed by Defendant against Plaintiffs' primary residence.

On November 9, 2000, Plaintiffs established two revocable trusts: The Neil R. Tyburk and Dawn E. Tyburk Revocable Trusts ("Trusts"). Each spouse named himself or herself the trustee of his or her respective Trust. Also on November 9, each spouse executed a General Asset Assignment, conveying to his or her respective Trust "all of my tangible and intangible personal property," a provision to apply even though record ownership or title might be registered in the individual name and the trusteeship undisclosed. Each spouse declared themselves to have no remaining personal interest in any of the properties so conveyed, save for the beneficial interests provided by the Trusts' terms.

On December 18, 2000, Plaintiffs conveyed undivided one-half interests in their primary residence to each of the Trusts. The property has not been conveyed to any outside party since that time, and remains titled in the Trusts' names.

On April 11, 2005, Defendant obtained a judgment lien against Plaintiffs in the amount of $1,297,446.50. The lien attached to the lands and tenements of four companies of which Plaintiffs are the sole shareholders: Diacro, Inc.; T Corp. Limited; Greenfield Fabricating, Inc.; and Powder Innovations, Inc. The lien also purported to attach to Plaintiffs' primary residence. Plaintiffs' motion only contests this latter attachment.

On October 13, 2005, Plaintiffs filed the instant bankruptcy under Chapter 11. No fraudulent conveyance actions to avoid the transfer of the real property at issue were filed prior to that date.

## LEGAL ANALYSIS

Plaintiffs have already conceded by stipulation that their beneficial interests in the Trusts are property of the estate. (Pl.'s Mem. 2.) Plaintiffs have also confined their Motion for Summary Judgment to the issue of the validity of the judgment lien. (Pl.'s Mot. 1.) Defendants filed no dispositive motion nor any response to Plaintiffs' Motion. The Court therefore considers only those issues relevant to paragraph 2 of Plaintiffs' Prayer for Relief. (Compl. 4.)

Judgment liens under Ohio law act as liens upon the lands and tenements of a judgment debtor in any county in the state, upon proper filing with the clerk of the court of common pleas of that county. O.R.C. § 2329.02. Capital Crossing has won a valid judgment against Plaintiffs; however, in Baird v. Kirtland, 8 Ohio 21, 1837 WL 2 (Ohio), the Supreme Court of Ohio held that "in order that a judgment may operate as a lien the defendant or judgment debtor must have a legal title." In the instant case, Plaintiffs' primary residence was (and remains) titled in the name of the Trusts, with an undivided one-half interest in each. Plaintiffs personally retain only the beneficial interest in the residence, and have already conceded that this interest is property of the estate.

Neither Defendant nor any other person filed a fraudulent conveyance action prior to the filing of the contested judgment lien. Plaintiffs' brief avers that the Trusts were formed as part of a comprehensive estate plan and Capital Crossing, having obtained an extension of time to file a response and yet having filed none, has given the Court no reason to question this averment. On these facts, the law is clear: the judgment lien cannot attach to the residential property in question.

The court will enter an order granting Plaintiffs' motion concurrently with this opinion.

/s/ Russ Kendig

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Neil Raedon Tyburk
Dawn Elaine Tyburk
1250 Grenada Drive NE
Canton, OH 44714

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646

Rebecca Kucera Fischer
Suzana Krstevski Koch
Porter Wright Morris & Arthur, LLP
925 Euclid Ave.
#1700
Cleveland, OH 44115

Capital Crossing Bank
101 Summer Street
Boston, MA 02110